On Application for Rei-iearing.
(Decided July 25, 1916.)
Chittenden, J.
The application for a rehearing assumes that the court imported into the written contract between the parties a new term derived from the parol evidence. One phrase in’ the main opinion may have been so worded as to give that impression, and that phrase has been corrected so as to avoid any such misconstruction of, its meaning.
That the terms of a written contract can not be varied or contradicted by parol evidence is so elementary that no one would think of questioning it. When a contract of employment does not specify the time it is to remain in force evidence can not be introduced to show that it is to be continued for a specific time, and ordinarily, in a case of a simple *215 contract of employment, it would be terminable at will. The contract between the parties to this action, however, is more than a simple contract of employment. Inseparably coupled with it was a purchase by the plaintiff of six thousand dollars of the capital stock of the defendant company. The facts surrounding the making of this contract were sufficiently reviewed in the opinion rendered on the decision of the case. That a contract shall be construed in the light of such surrounding circumstances is fully sustained by the authorities, some of which are cited in the opinion. We call attention, in addition to those authorities, to the rule as stated in 9 Encyclopaedia of Evidence, 374, and also to the statement of the law in Paragraph C preceding, as to what facts are excluded in the application of the rule. Also to Hildebrand v. Fogle, 20 Ohio, 147. We quote from the opinion by Judge Ranney on page 157 as follows:
“To enable the court and jury to be as wise as the parties, and so to arrive at and give application to the words they have used, and thus carry out their intentions, the law permits them to hear a full description, from evidence, of the subject-matter of the contract, and of the circumstances that surrounded the parties at the time it was made; and to learn what were the motives and inducements that led to the contract, and the object to be attained by it.”
Construing the contract in the light of the circumstances attending its execution, as shown by the evidence, this court did'not hold that the employment was for any specific time. It was not even held to be for “permanent” employment, *216 whatever that may mean. It was only held that the character of the employment was something more than a mere hiring at the will of the employer. To hold otherwise would be to place the plaintiff wholly at the mercy or caprice of the defendant. The court must not in the application of a rule of evidence lose sight of fundamental rules of construction of contracts, and close its eyes to the facts and circumstances surrounding its execution. If the facts are as disclosed by the evidence for the plaintiff, it would be most unconscionable to permit the defendant to obtain six thousand dollars from the plaintiff, under a pretense of giving him employment, and then, in less than a reasonable time, discharge him without cause. Surely the law is not so helpless as to be unable to afford relief against such a wrong. We have found from the facts in this case that the legal effect of this instrument is that the plaintiff was employed for at least a reasonable time, and that by its conduct the defendant has construed such time to be not less than one year from January 19, 1915. How much longer than that a court might find a reasonable time might extend is not necessary to be determined here in view of what occurred before the expiration of that time. The law upon this proposition is well stated in 17 Cyc., 570, as follows:
“The legal effect of a written instrument, even though not apparent from the terms of the instrument itself, but left to be implied by law, can no more be contradicted, explained, or controlled by parol or extrinsic evidence than if such effect had been expressed. Thus where no time of performance is specified in a contract the legal effect is *217 that it is to be performed within a reasonable time and parol evidence is not admissible to show an agreement that it shall be performed at a particular time.”
The portion of this section in Cyc. cited by counsel for plaintiff in error in their brief is not in conflict with the decision of this court in this case' as is indicated by what has been said above.
See also Douglass v. Campbell, 24 C. C., 241.
This case having been given a most careful examination by the court we are unable to find at this time any reason why the application for a rehearing should be granted, and such application will therefore be denied.
Richards, J., concurs.